FILED

2011 FEB -4 P 3: 41

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

----------------------------------------------------------------- x
CORDIS CORPORATION,
a Florida corporation,
430 Route 22 East
Bridgewater, New Jersey 08807

                  Plaintiff,

- v -

DAVID J. KAPPOS, in his official capacity as Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office
600 Dulany Street
Alexandria, VA 22314, and

UNITED STATES PATENT AND TRADEMARK OFFICE
600 Dulany Street
Alexandria, VA 22314

                  Defendants.
----------------------------------------------------------------- x

**COMPLAINT**

Case No. 1:11 cv 127
GBL/IDD

Plaintiff Cordis Corporation, by its attorneys, for its Complaint in this action alleges:

1. Plaintiff Cordis Corporation ("Cordis") is a corporation organized and existing under the laws of Florida, having its principal place of business in Bridgewater, New Jersey.

2. On information and belief, defendant David J. Kappos (the "Director") is Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.

3. On information and belief, defendant United States Patent and Trademark Office ("PTO") is an agency of the United States, within the Department of Commerce.

4. This action arises under the Patent Act of 1952, as amended, 35 U.S.C. §§ 1-376.

5. The Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1338(a) and 5 U.S.C. §§ 702 and 706.

## CLAIM FOR RELIEF

6. Cordis is the owner of multiple United States Patents that are being reexamined by the PTO under the provisions of Chapter 31 of the Patent Act, 35 U.S.C. §§ 311-318 to determine the patentability of the inventions claimed therein (hereinafter the "Cordis Inventions").

7. Cordis is a party to *inter partes* reexamination proceedings that were commenced under 35 U.S.C. § 311 and raise questions of patentability of the Cordis Inventions under, among other things, 35 U.S.C. § 103.

8. In one or more *inter partes* reexamination proceedings, Cordis is litigating disputed factual issues that are relevant to the validity of claims in issued patents under 35 U.S.C. § 103.

9. Evidence concerning (i) whether one or more of the Cordis Inventions were copied by competitors, (ii) whether certain commercial products have achieved commercial success that is attributable, in whole or in part, to use of one or more of the Cordis Invention, (iii) whether others failed to solve problem(s) addressed by the Cordis Inventions, (iv) whether there was a long felt need for the Cordis Inventions, or (v) whether others have praised, given credit to, or otherwise paid tribute to the Cordis Inventions, is relevant to the patentability of Cordis Inventions involved in pending *inter partes* reexamination proceedings and is likely to have a direct bearing on the fair determination of the patentability of Cordis Inventions by the PTO.

10. On information and belief, information and documents relevant to the merits of one or more *inter partes* reexamination proceedings to which Cordis is a party, or in which the validity of a Cordis Patent is drawn in question, are held by persons who are located in a district of the United States and subject to the subpoena power of a United States District Court.

11. 35 U.S.C. § 24 provides in part: "The clerk of any United States court for the district wherein testimony is to be taken for use in any *contested case* in the Patent and Trademark

Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to *contested cases* in the Patent and Trademark Office." (Emphasis added).

12. The PTO has promulgated two final rules that purport to exclude *inter partes* reexaminations from the meaning of the statutory phrase "contested cases." 37 C.F.R. 41.60 provides in part: "An inter partes reexamination proceeding is not a contested case subject to subpart D." 37 C.F.R. 41.2 states in part: "*Contested case* means a Board proceeding other than an appeal under 35 U.S.C. 134 or a petition under § 41.3. An appeal in an *inter partes* reexamination is not a contested case."

13. The rules quoted in paragraph 12, above (the "Challenged Rules") are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and were promulgated in excess of the PTO's statutory jurisdiction, authority, or limitations.

14. As a factual matter, *inter partes* reexamination proceedings initiated under Chapter 31 of the Patent Act are literally "contested," adversarial proceedings in which two or more litigants present evidence, the PTO adjudicates disputed factual contentions on the basis of the evidence submitted, the PTO issues judgment confirming or invalidating claims in issued United States Patents, and the Court of Appeals for the Federal Circuit reviews final PTO adjudications to determine, among other things, whether factual predicates of PTO adjudications are supported by substantial evidence.

15. Prior to the promulgation of the Challenged Rules, the PTO itself had recognized that "[i]nter partes reexaminations will be hotly-contested, adversarial proceedings." Rules to Implement Optional Inter Partes Reexamination Proceedings, 65 Fed. Reg. 76,756, 76,760 (2000).

16. The Challenged Rules have hindered Cordis's ability to obtain and present evidence that is relevant to disputed factual issues in *inter partes* reexamination proceedings.

17. The Challenged Rules have caused, and threaten to cause, injury to Cordis's business or property for which Cordis has no adequate remedy at law.

18. The existence of the Challenged Rules constitutes a present invasion of Cordis's legal and procedural rights under 35 U.S.C. § 24.

19. The existence of the Challenged Rules impairs, undermines, and threatens Cordis's ability to preserve and defend its legal and economic rights under the Cordis Patents in a manner that conflicts with 35 U.S.C. § 24.

WHEREFORE, Cordis prays that the Court:

(i) declare, adjudge, and decree that 37 C.F.R. §§ 41.2 and 41.60 are unlawful and legally void, insofar as those rules purport to preclude invocation of 35 U.S.C. § 24 in aid of *inter partes* reexamination proceedings;

(ii) issue preliminary and permanent injunctions against defendants' enforcement or maintenance of 37 C.F.R. §§ 41.2 and 41.60, insofar as those rules purport to preclude invocation of 35 U.S.C. § 24 in aid of *inter partes* reexamination proceedings;

(iii) set aside 37 C.F.R. §§ 41.2 and 41.60, insofar as those rules purport to preclude invocation of 35 U.S.C. § 24 in aid of *inter partes* reexamination proceedings, on the ground that those rules are not in accordance with law, were adopted in excess of the PTO's statutory authority, or both; and

(iv) award such other and further relief as the Court may deem just and proper.

Dated: February 4, 2011

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP


By: /s/
James J. McCullough (VA Bar # 16421)
Eugene N. Hansen (VA Bar # 48357)

1001 Pennsylvania Avenue N.W.
Suite 800
Washington, D.C. 20004-2505
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Email: james.mccullough@friedfrank.com

**Attorneys for Plaintiff**

7984268