# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| CORDIS CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| DAVID J. KAPPOS and UNITED STATES PATENT AND TRADEMARK OFFICE, | ) Civil Action No. 1:11-cv-127-GBL-IDD |
| Defendants, | ) |
| and | ) |
| ABBOTT LABORATORIES, | ) |
| Intervenor-Defendant. | ) |

## ANSWER OF ABBOTT LABORATORIES

Intervenor-Defendant Abbott Laboratories ("Abbott"), for its Answer to the Complaint of Plaintiff Cordis Corporation ("Cordis"), hereby provides the following answers to the allegations in the corresponding paragraphs of the Complaint:

1. Based at least in part on Cordis's representation in another litigation, Abbott denies that Cordis has a principal place of business in New Jersey. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and denies them on that basis.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6.	Abbott admits that Cordis is the owner of multiple United States Patents that are being reexamined by the PTO pursuant to Chapter 31 of the Patent Act, 35 U.S.C. §§ 311-318 to determine whether they claim any patentable subject matter. Abbott denies any other or different allegations contained in Paragraph 6 of the Complaint.

7.	Abbott admits that Cordis is a party to *inter partes* reexamination proceedings that were commenced under 35 U.S.C. § 311 and that such reexamination proceedings involve questions of patentability under 35 U.S.C. § 103. Abbott denies any other or different allegations contained in Paragraph 7 of the Complaint.

8.	Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and denies them on that basis.

9.	Abbott admits that, under certain circumstances, evidence of objective indicia of nonobviousness may be relevant to a determination of whether subject matter is unpatentable under 35 U.S.C. § 103. Abbott admits that Cordis owns patents involved in *inter partes* reexamination proceedings that have been found unpatentable under 35 U.S.C. § 103. Abbott denies all other allegations contained in Paragraph 9 of the Complaint.

10.	Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and denies them on that basis.

11.	Admitted.

12.	Abbott admits that 37 C.F.R. § 41.60 states: "An inter partes reexamination proceeding is not a contested case subject to subpart D." Abbott admits that 37 C.F.R. § 41.2 states: "Contested case means a Board proceeding other than an appeal under 35 U.S.C. § 134 or

a petition under § 41.3. An appeal in an *inter partes* reexamination is not a contested case."

Abbott denies all other allegations contained in Paragraph 12 of the Complaint.

13. Denied.

14. Abbott admits that an *inter partes* reexamination proceeding initiated under Chapter 31 of the Patent Action involves multiple participants. Abbott admits that the participants to an *inter parties* reexamination proceeding may submit to the PTO certain types of information. Abbott admits that, in an *inter partes* reexamination proceeding, the PTO examiner will consider whether the claims of the patent involved in *inter partes* reexamination are patentable in view of patents and printed publications: (1) cited in the request for *inter partes* reexamination; (2) cited by another reexamination request under 37 C.F.R. § 1.510 or 37 C.F.R. § 1.915; (3) cited by the patent owner under a duty of disclosure (37 C.F.R. § 1.933) in compliance with 37 C.F.R. § 1.98; (4) discovered by the examiner in searching; (5) of record in the patent file from earlier examination; (6) of record in the patent file from any 37 C.F.R § 1.501 submission prior to date of an order if it complies with 37 C.F.R. § 1.98, and (7) cited by the third party requester under appropriate circumstances pursuant to 37 C.F.R. § 1.948. Abbott admits that, at the conclusion of an *inter partes* reexamination proceeding, the PTO will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable. Abbott admits that the parties to an *inter partes* reexamination proceeding may appeal an adverse decision by the PTO's Board of Patent Appeals and Interferences to the U.S. Court of Appeals for the Federal Circuit. Abbott admits that, in an appeal from an adverse decision by the PTO's Board in an *inter partes* reexamination proceeding, the Federal Circuit will review factual determinations of the PTO's

3

Board under the "substantial evidence" standard.  Abbott denies all other allegations contained in Paragraph 14 of the Complaint.

15. Abbott admits that 65 Fed. Reg. 76,756, 76,760 (2000) states, *inter alia*, "Inter partes reexaminations will be hotly-contested, adversarial proceedings."  Abbott denies all other allegations contained in Paragraph 15 of the Complaint.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

Abbott denies that Cordis is entitled to any of the relief requested in the Complaint.

Respectfully submitted,

Dated:  March 22, 2011

*/s/ Corinne L. Miller*
Corinne L. Miller (VSB No. 77081)
Michael A. Morin (*pro hac vice* pending)
Andrew J. Vance (*pro hac vice* pending)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
Telephone:  (202) 408-4465
Fax:  (202) 408-4400
E-mail:  corinne.miller@finnegan.com

*Attorneys for Abbott Laboratories*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of April, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Eugene N. Hansen
Fried Frank Harris Shriver & Jacobson
801 17th Street NW
Washington, DC 20006
Telephone:  (202) 639-7000
Fax:  (202) 639-7003
E-mail:  Eugene.Hansen@friedfrank.com
*Attorney for Cordis Corporation*

Bernard G. Kim
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  (703) 299-3911
Fax:  (703) 299-3983
E-mail: bernard.kim@usdoj.gov

Stephen Obermeier
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone:  (703) 299-3785
Email: stephen.obermeier@usdoj.gov
*Attorneys for David J. Kappos and*
*United States Patent and Trademark Office*

                                                                   /s/
                                    Corinne L. Miller (VSB No. 77081)
                                    FINNEGAN, HENDERSON, FARABOW,
                                      GARRETT & DUNNER, L.L.P.
                                    901 New York Ave., N.W.
                                    Washington, D.C. 20001
                                    Telephone:  (202) 408-4465
                                    Fax:  (202) 408-4400
                                    E-mail:  corinne.miller@finnegan.com

                                    *Attorney for Abbott Laboratories*