IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CORDIS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:11-cv-127 |
| v. ) | |
| ) | |
| DAVID KAPPOS and ) | |
| UNITED STATES PATENT ) | |
| AND TRADEMARK OFFICE, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| ABBOTT LABORATORIES, ) | |
| ) | |
| Intervenor-Defendant. ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Cordis Corporation's Motion for Summary Judgment (Dkt. No. 27), Intervenor-Defendant Abbott Laboratories' Cross-Motion for Summary Judgment (Dkt. No. 42), and Defendants David Kappos and United States Patent and Trademark Office's (collectively "Federal Defendants") Motion to Dismiss and Motion for Summary Judgment (Dkt. Nos. 46 & 47). This Administrative Procedure Act ("APA") case concerns Plaintiff Cordis Corporation's challenges to the validity of two federal regulations that the United States Patent and Trademark Office ("PTO") promulgated in 2004 on the basis that these regulations have hindered Plaintiff's ability to obtain and present relevant evidence in the course of certain *inter partes* reexamination proceedings. The issue before the Court is whether this case should be dismissed and summary judgment granted in favor of the Federal Defendants and Intervenor-Defendant Abbott-Laboratories because Plaintiff's suit is time-barred by the

applicable six-year statute of limitations. The Court grants the Federal Defendants' Motion to Dismiss and Motion for Summary Judgment and Intervenor-Defendant Abbott Laboratories' Motion for Summary Judgment because Plaintiff filed its Complaint challenging the facial validity of the PTO regulations after the expiration of the six-year statute of limitations.

## I. BACKGROUND

This case concerns the validity of two rules related to *inter partes* reexamination proceedings that the PTO promulgated in August 2004. Plaintiff Cordis Corporation is a party to *inter partes* reexamination proceedings commenced under 35 U.S.C. § 311 in which the PTO is reexamining Plaintiff's patents to determine the patentability of the inventions claimed therein. Plaintiff seeks to invoke the subpoena power of 35 U.S.C. § 24 in connection with these reexaminations to obtain information and documents that it claims are relevant to the merits of the proceedings. 35 U.S.C. § 24 provides in part:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any *contested case* in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to *contested cases* in the Patent and Trademark Office.

35 U.S.C. § 24 (emphasis added). Plaintiff claims that it is unable to invoke this subpoena power because two rules that the PTO promulgated in August 2004, 37 C.F.R. §§ 41.2 and 41.6 (together, "Challenged Rules"), purport to exclude *inter partes* reexaminations from the meaning of the statutory phrase "contested cases." As a result, Plaintiff claims that these rules hinder its ability to obtain and present evidence that is relevant to disputed factual issues in the *inter partes* reexamination proceedings.

2

The Challenged Rules were part of the *Rules of Practice Before the Board of Patent Appeals and Interferences*, 69 Fed. Reg. 49,960 (Aug. 12, 2004), which the PTO promulgated on August 12, 2004. 37 C.F.R. § 41.2 states in part: "Contested case means a Board proceeding other than an appeal under 35 U.S.C. 134 or a petition under § 41.3." 37 C.F.R. § 41.2. "An appeal in an inter partes reexamination is not a contested case." *Id.* Further, 37 C.F.R § 41.6 provides in part: "An inter partes reexamination proceeding is not a contested case subject to [the rules governing contested cases]." 37 C.F.R. § 41.6.

On February 4, 2011, Plaintiff filed its Complaint in this action seeking declaratory and injunctive relief. Plaintiff claims that the Challenged Rules are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance to law, and they were promulgated in excess of the PTO's statutory jurisdiction, authority, or limitations. (Compl. ¶ 13.) As a result, Plaintiff claims that the Challenged Rules (1) have caused and threaten to cause injury to Plaintiff's business or property; (2) constitute a present invasion of Cordis' legal and procedural rights under 35 U.S.C. § 24; and (3) impairs, undermines, and threatens Plaintiff's ability to preserve and defend its legal and economic rights under its patents in a manner that conflicts with 35 U.S.C. § 24. Specifically, Plaintiff requests that the Court: (1) declare, adjudge, and decree that 37 C.F.R. §§ 41.2 and 41.6 are unlawful and legally void, insofar as those rules purport to preclude invocation of 35 U.S.C. § 24 in aid of inter partes reexamination proceedings; (2) issue preliminary and permanent injunctions against defendants' enforcement or maintenance of 37 C.F.R. §§ 41.2 and 41.6, insofar as those rules purport to preclude invocation of 35 U.S.C. § 24 in aid of inter partes reexamination proceedings, on the ground that those rules are not in accordance with law, were adopted in excess of the PTO's statutory authority, or both; and (4)

award such other and further relief as the Court may deem just and proper. (Complaint, Prayer for Relief, at 4.)

On April 8, 2011, Plaintiff filed its Motion for Summary Judgment. (Dkt. No. 27.) By Order dated April 15, 2011, the Court granted Abbott Laboratories' ("Abbott")[1] Motion to Intervene. (Dkt. No. 32.) Shortly thereafter, on May 13, 2011, Abbott filed a Cross-Motion for Summary Judgment. (Dkt. No. 42.) That same day, the Federal Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 46) and a Motion for Summary Judgment (Dkt. No. 47). These Motions are now before the Court for determination.

## II. STANDARD OF REVIEW

### A. **Summary Judgment**

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477

---

[1] Plaintiff and Abbott Laboratories are involved in litigation in the United States District Court for the District of New Jersey regarding Abbott's alleged infringement of Plaintiff's patents and inter partes reexamination proceedings in the United States Patent and Trademark Office relating to certain Cordis patents.

U.S. at 247-48. A "material fact" is a fact that might affect the outcome of a party's case. *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a Rule 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d

299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Constr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

### III. ANALYSIS

The Court dismisses Plaintiff's Complaint because Plaintiff failed to file the Complaint within six years of the promulgation of the Challenged Rules. Under 28 U.S.C. § 2401(a), every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. 28 U.S.C. § 2401(a). This statute of limitations applies to facial challenges to agency regulations brought under the APA. *See Jersey Heights Neighborhood Assoc. v. Glendening*, 174 F.3d 180, 186 (4th Cir. 1999); *P & V Enterprises v. United States Army Corps of Engineers*, 466 F. Supp. 2d 134, 142 (D.D.C. 2006) (citations omitted). The statute of limitations begins to run on facial challenges to a regulation when the regulation is promulgated. *Dunn-McCampbell Royalty Interest v. Nat'l Park Svc.*, 112 F.3d 1283, 1287 (5th Cir. 1997); *id.* at 139.

Here, the applicable six-year statute of limitations began to run when the PTO promulgated the Challenged Rules on August 12, 2004, with an effective date of September 13, 2004. Plaintiff filed its Complaint on February 4, 2011, which is after the expiration of the six-year statute of limitations. Accordingly, Plaintiff's suit is untimely.

The Court rejects Plaintiff's argument that the cause of action did not accrue until its patents were submitted for reexamination. Plaintiff challenges the validity of the regulations on their face, not as they were applied to the *inter partes* proceedings to which Plaintiff was a party. In fact, these rules have not been applied against Plaintiff to bar their use of the subpoena power in connection with the *inter partes* proceedings. Therefore, because Plaintiff challenges the facial validity of the regulations, the present action accrued when the regulations were promulgated and is now barred by the six-year statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Federal Defendants' Motion to Dismiss and Motion for Summary Judgment and Intervenor-Defendant Abbott Laboratories' Motion for Summary Judgment because Plaintiff Cordis Corporation's suit is time barred by the applicable statute of limitations.

Accordingly, it is hereby

ORDERED that Defendants David Kappos and United States Patent and Trademark Office's Motion to Dismiss and Motion for Summary Judgment and Intervenor-Defendant Abbot Laboratories' Motion for Summary Judgment are GRANTED and Plaintiff Cordis Corporation's Motion for Summary Judgment is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ____ day of September, 2011.

Alexandria, Virginia
9//2011

/s/
Gerald Bruce Lee
United States District Judge